NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1992-16T2

LAUREN NEIDERT,

 Plaintiff-Respondent,

v.

BRIAN NEIDERT,

 Defendant-Appellant.
________________________________

 Argued November 13, 2017 – Decided December 1, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Burlington
 County, Docket No. FM-03-1140-16.

 Christine A. Dolan argued the cause for
 appellant (Cordell Law, LLP, attorneys; Ms.
 Dolan, on the briefs).

 Matthew Podolnick argued the cause for
 respondent (Sherman, Silverstein, Kohl, Rose
 & Podolsky, P.A., attorneys; Mr. Podolnick,
 on the brief).

PER CURIAM

 Defendant Brian Neidert appeals from a November 30, 2016

default final judgment of divorce incorporating the proposed terms
of equitable distribution that had been presented to the court by

his wife, plaintiff Lauren Neidert.

 Plaintiff filed a complaint for divorce in the Family Part

in May 2016. Defendant failed to answer the complaint. Nor did

he appear at the scheduled default hearing in November 2016,

despite being served personally with advance notice of that

proceeding. At the hearing, the trial court adopted the terms set

forth in plaintiff's notice of equitable distribution, including

an award to plaintiff of exclusive ownership of the marital home.

 Dissatisfied with the terms of divorce entered by the court

in his absence, defendant retained counsel and sought relief from

the final judgment. However, rather than moving before the Family

Part to vacate the judgment pursuant to Rule 4:50-1, defendant

filed the present appeal.1 His brief contests various procedural

and substantive aspects of the judgment. He further argues that

the trial court failed to set forth adequate findings of fact and

conclusions of law in support of the judgment, as required by Rule

1:7-4(a).

 In her opposing brief, plaintiff argues that this appellate

court presently lacks jurisdiction over her ex-husband's challenge

1
 At oral argument on the appeal, defendant's counsel explained
that her client contacted her law firm only a few days before the
forty-five-day deadline for an appeal was about to expire, and
that the firm took prompt action to preserve defendant's rights.

 2 A-1992-16T2
to the default judgment. She maintains that the appropriate

procedure would have been for defendant to attempt first to obtain

relief from the trial court under Rule 4:50-1. If such a motion

had been denied in full or in part, defendant could have then

appealed that denial to this court. Defendant urges this court

to excuse him from pursuing this trial level process, and to

consider directly his various attacks upon the judgment.

 Well-established authority clearly obligates a defendant in

these circumstances to attempt to secure relief first from the

trial court by filing a motion under Rule 4:50-1; a party may not

directly appeal a judgment entered in default. See, e.g., Haber

v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992) (citing

McDermott v. Patterson, 122 N.J.L. 81, 84 (E. & A. 1939)). As was

recognized long ago in McDermott, such a direct appeal is improper

because the appellate tribunal may only correct "errors which a

court below may have committed, and a court below cannot be said

to have committed an error when its judgment was never called into

exercise, and the point of law was never taken into consideration,

but was abandoned by acquiescence or default of the party who

raised it." McDermott, supra, 122 N.J.L. at 84 (citing Walter v.

Keuthe, 98 N.J.L. 823, 826 (E. & A. 1923)).

 The applicable grounds under Rule 4:50-1 may include: (a)

mistake, inadvertence, surprise, or excusable neglect; (b) newly

 3 A-1992-16T2
discovered evidence that would probably alter the judgment, and

which by due diligence could not have been discovered in time to

move for a new trial; (c) the adverse party's fraud,

misrepresentation, or other misconduct; (d) voidness; (e)

satisfaction, release, or discharge of the judgment; or (f) any

other reason justifying relief from the operation of the judgment.

Rule 4:50-1. Such relief is not, of course, automatically granted

on mere request. In general, a default judgment "will not be

disturbed unless the failure to answer or otherwise appear and

defend was excusable under the circumstances and unless the

defendant has a meritorious defense[.]" Pressler & Verniero,

Current N.J. Court Rules, comment 4.1 on R. 4:50-1 (2017). See

also US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 468 (2012).

 We therefore agree with plaintiff that defendant's appeal is

not properly before this court. Although it would have been

preferable for plaintiff to have moved to dismiss the appeal before

the parties incurred the expenses and devoted the time to brief

and argue the matter in this court, the correct path is to dismiss

the appeal without prejudice.

 We suggest that the trial court convene a case management

conference within thirty days to confer with counsel and plan the

 4 A-1992-16T2
next steps, including a motion by defendant under Rule 4:50-1.2

In advance of that conference, counsel should furnish the trial

court with courtesy copies of their appellate briefs.

 Appeal dismissed, without prejudice.

2
 In light of defendant's mistaken filing in the wrong forum, the
one-year limitation in Rule 4:50-2 for motions under subsections
(a), (b), and (c) of Rule 4:50-1 shall be deemed to have been
tolled since the filing of the improvident notice of appeal.
Hence, all six possible grounds for relief under Rule 4:50-1 are
still available.

 5 A-1992-16T2