ROBERT J. McDERMOTT, PLAINTIFF-RESPONDENT, v. CITY OF PATERSON, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Submitted October 28, 1938—Decided February 6, 1939.

For the defendant-appellant, *Salvatore D. Viviano*.

For the plaintiff-respondent, *Archibald Krieger*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The appeal is from a judgment in favor of the plaintiff-respondent entered originally by default and subsequently confirmed by an order denying an application to open the judgment for the purpose of entering a defense to the action on its merits.

The respondent was a District Court judge. He brought the action to recover certain deductions made from his salary by the treasurer of the city of Paterson, alleging that his salary was fixed by statute, and that the city treasurer was required by law to pay him the statutory amount. The complaint alleged certain payments made between January 1st, 1933, and March 15th, 1934; a demand by the plaintiff for the balance due and a refusal by the Board of Finance of the city to direct the treasurer to pay the same. There was endorsed on the complaint a demand for an affidavit of merits. The summons and complaint were dated October 19th, 1937,

and on November 3d, 1937, a judgment by default was entered against the defendant-appellant on the ground that no affidavit of merits had been filed as demanded. On November 8th, 1937, an answer was filed by the appellant which denied the claim of the respondent and set up certain separate defenses one of which was the defense of waiver. On November 19th, 1937, a notice of motion was given to open and vacate the judgment entered on the ground that the failure of the appellant to file the affidavit of merits was due to the act that the city attorney had been stricken with appendicitis and confined to a hospital. This motion was, apparently, abandoned.

On December 1st, 1937, notice was given of a new motion "to re-open and vacate the final judgment entered" and "for leave to file an affidavit of merits and answer in said cause." This motion was argued on December 3d, 1937. On the argument an affidavit was filed, in support of the motion, by the city attorney in which he stated that he was in charge of this particular matter and that on October 25th, 1937, he was taken suddenly ill and underwent an emergency operation for appendicitis with the result that he was incapacitated up to November 15th, 1937. The facts in this affidavit were not controverted.

No affidavit was filed in support of the substantive cause of action set forth in the complaint but affidavits were filed by the appellant in support of the proposed answer and the separate defenses set up therein. Assuming the facts as pleaded in the complaint to be true, there is disclosed, in conjunction with these affidavits, a factual situation that does not differ materially from the factual situations that existed in other cases which have recently come before this court.

The affidavits show that certain deductions were made from respondent's salary, by virtue of an ordinance passed in conformance with the applicable statutes (*Pamph. L.* 1933, *ch.* 17, as amended by *Pamph. L.* 1933, *ch.* 446), which purported to authorize such deductions from the respondent's salary. They also show that notice of the proposed reductions was sent to the clerk of the District Court; that the payroll

sheets were signed and certified by the respondent, which he admits by affidavit; that the payroll checks were delivered semi-monthly and received and cashed without any protests or notations on the part of the respondent; and that the payroll sheets as signed and certified by the respondent set forth his salary at the reduced rate, and that the respondent at no time protested either in writing, orally, or by personal appearance, against the reduction in salary.

The trial judge in disposing of the motion held that while on the authority of *Fox* v. *Simon & Krivit, Inc.,* 109 *Atl. Rep.* 900 (not officially reported), he had the power in his discretion to open the judgment entered in this case and to permit the defendant to file an affidavit of merits, he had concluded that an examination of the answer and the affidavits relied in support thereof failed to show that a meritorious defense was set forth therein. He further held that the statutes relied on by the appellant for the power to reduce the respondent's salary were unconstitutional under the principles laid down in the case of *Delmar* v. *Bergen County,* 117 *N. J. L.* 377, and that the affidavits, at the most, showed no more than the mere acceptance by the plaintiff without protest of less than the salary fixed by the statute as belonging to his office and that, therefore, there could be no waiver or estoppel.

In this latter conclusion he fell into apparent and excusable error. It clearly appears that the proposed answer discloses a meritorious defense supported by the decisions of this court in *Vander Burgh* v. *County of Bergen,* 120 *N. J. L.* 444; *Orlando* v. *County of Camden,* 121 *Id.* 46; *Freeman* v. *County of Passaic, Ibid.,* 48; *La Corte* v. *County of Union, Ibid.* 158. However, all of these cases were decided subsequent to the date of presentation and determination of the cause by the trial judge.

The appellant urges: (1) that the trial court erred in holding that the defendant-appellant had failed to show such facts as entitled it to defend, and (2), that the refusal of the trial court to open the default judgment was erroneous and constitutes an abuse of judicial discretion in that the affidavits

produced by the defendant on the motion to open the said judgment showed such facts as, in law, constitute a just and legal defense to the action on the merits of the case.

We are met, *in limine,* with two objections by the respondent: (1) that an appeal does not lie from the entry of a default judgment, and (2) that an appeal does not lie from a denial of a motion to open a default judgment.

As to the first, the rule is that an appeal will not lie from a judgment by default. The reason underlying this rule is that the very theory and constitution of a court of appellate jurisdiction is only the correction of errors which a court below may have committed, and a court below cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it. *Walter* v. *Keuthe,* 98 *N. J. L.* 823 (at *p.* 826).

In the situation at bar the reason underlying this rule is without application, for while the appeal is *in form* from the judgment, it is really from a mistaken view of the trial judge in regard to the merits of the defense. This appeal is from an alleged error in the disposition by the trial court of the appellant's motion to open and vacate the default judgment and the judgment of the trial court was called into exercise and the point of law was taken into consideration.

The second objection of the respondent attacks directly the appeal in this form. The respondent argues that an application to open a regularly entered judgment by default is addressed to the discretion of the court and that a writ of error will not lie to review such a determination by the trial court. *Smith* v. *Livesey,* 67 *N. J. L.* 269. It is well settled that matters resting in the discretion of the courts are not, in general, subject to review in appellate courts, unless an abuse of discretion is shown. *Martin* v. *Lehigh Valley Railroad Co.,* 114 *Id.* 243 (at *p.* 246), and cases cited there.

In his written opinion and in the frame of the order filed, the learned trial judge clearly indicated that he exercised his discretion favorably toward the appellant as regards its invol-

untary default. He expressly recognized his power to open the judgment under the authority of *Fox* v. *Simon & Krivit, Inc., supra,* and to allow the appellant to file its affidavit of merits and answer. We could fully agree with such action both on the law and the facts as disclosed. However, the learned trial judge felt that it was necessary that he be satisfied that the proposed answer of the appellant presented a meritorious defense. In this he was correct. He carefully examined the answer and separate defenses and the supporting affidavits and concluded that a meritorious defense was not presented. He denied the application for this reason, but it is clear that he was under an excusable misapprehension as to the principle of substantive law applicable to the defense of waiver in causes of this type. In all of this we perceive no clear abuse of discretion. As pointed out his decision was prior in time to the applicable decisions of this court cited above.

The appeal will be dismissed on the authority of *Smith* v. *Livesey, supra,* but the *remittitur* entered in the cause shall contain the following statement:

"And it further appearing to this court that the court below in ascertaining whether the application to open said judgment embodying the two elements of surprise and merit, properly found that the element of surprise existed but erroneously determined that the proposed defense was lacking in merit and was therefore moved to deny said application;

"It is ordered that this appeal be dismissed and the cause remitted to the Circuit Court with direction to reconsider the application to open the judgment as based on substantial merit in the defenses proposed."

This will place the cause in a posture where the defendant may renew its application to open and vacate the judgment. *R. S.* 2:27-115 and *R. S.* 2:27-194 would not apply in such a situation because an affidavit of merits is not a pleading and performs none of the functions of a pleading. *The Morris Plan Co., &c.,* v. *Lorber,* 11 *N. J. Mis. R.* 67.

The Passaic County Circuit Court has full control of its own judgment. *Fox* v. *Simon & Krivit, Inc., supra,* and this

control is entirely of a discretionary and equitable character. That court does not, upon such applications, act as a court of errors, but only gives such relief as the justice and equity of the case, upon the facts proved before it on affidavits, seem to demand. *Silvers* ads. *Reynolds,* 18 *N. J. L.* 238 (at *p.* 239).

The practice followed by the appellant and the trial court is the correct practice. *Walter* v. *Keuthe, supra* (at *p.* 827); 3 *Chit. Pr.* (1836) 680, 543, 544. The defendant is required to show excuse or surprise and a meritorious defense. The trial court has indicated, and properly, that the defendant has shown excuse or surprise, but as we have pointed out, erred in finding that the defendant had not shown merit in the proffered defenses.

The respondent further contends that, under *Miller* v. *McCutcheon,* 117 *N. J. Eq.* 123, a change in law is not considered new matter as to warrant an order for a rehearing or a bill of review. There has been no change in the rule of law which we consider applicable here. It always was and is the true and correct rule of law. The fact that it had not been so declared by the courts has had no effect on its verity, efficacy or existence. 1 *Blk.* 69, 70. It follows that the merits of the proffered defenses which are grounded in this correct rule of law likewise existed at the time the application was decided by the trial judge, although he excusably thought they did not.

At the time the decree was entered in *Miller* v. *McCutcheon, supra,* the situation was governed by the decision of the United States Supreme Court in *Maxwell* v. *Bugbee,* 250 *U. S.* 525; 40 *S. Ct.* 2; 63 *L. Ed.* 1124, and under the doctrine of *stare decisis* the decision of the vice-ordinary was controlled by that precedent. Subsequently the United States Supreme Court in *First National Bank of Boston* v. *Maine,* 284 *U. S.* 312; 52 *S. Ct.* 174; 76 *L. Ed.* 313, reversed its former determination and held the tax in question unconstitutional. The executrix in *Miller* v. *McCutcheon, supra,* who had not filed an appeal from the prior decision against her, and the time for appeal having lapsed, then petitioned the

prerogative court to open and vacate its former decree and to allow a re-hearing or grant leave to file a bill of review. This court pointed out that that application was essentially a bill of review and that a bill of review would not lie after the time for appeal had expired unless it can be brought strictly within the exception of newly discovered evidence or some special equity that would give the court discretionary power to make the order. This court held that a change of an authoritative rule of law effected by a subsequent decision does not constitute such new matter as to justify a bill of review. Enough has been said to clearly indicate that *Miller* v. *McCutcheon, supra,* is distinguishable and not applicable for several reasons, and in particular on the element of *stare decisis.*

The appeal is dismissed and the cause remitted, in the manner indicated, for further proceedings in accordance herewith.

*For dismissal*—The Chancellor, Chief Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ.  16.