253 N.J. Super. 413 (1992)
601 A.2d 1199
CORA LEE HABER, PLAINTIFF-RESPONDENT,
v.
DAVID HABER, DEFENDANT-APPELLANT. AND MAX HABER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 25, 1991.
Decided January 31, 1992.
*414 Before Judges BILDER, STERN and KEEFE.
Donald D. Hamilton, attorney for appellant (Maria C. Blancato, on the brief).
Landi & Kessler, attorneys for respondent (Joel Kessler, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
The primary issue to be decided is whether defendant may file a direct appeal from a default judgment under these circumstances. We hold that he may not. Defendant David Haber appeals from the entry of a default judgment against *415 him that establishes his obligation for child support, alimony, equitable distribution and arrearages.[1] On appeal, defendant contends that the child support award is manifestly unreasonable and contrary to the evidence, that the support arrearages in the amount of $35,550 are unjust, that the $9,033.74 medical expense award was unreasonable, that it was unreasonable for defendant to be charged for 100% of all unreimbursed medical and related expenses, that the equitable distribution order is unreasonable in light of the evidence, and that the attorney fee award is also unreasonable. Defendant does not challenge the jurisdiction of the court over his person or over the subject matter, nor does he contend that the judgment was procured by fraud. Rather, he contends on direct appeal that the evidence was insufficient to support the judgment against him.
In November 1988 plaintiff, Cora Lee Haber, filed a complaint for divorce. Defendant filed an answer and counterclaim. Plaintiff filed an answer to the counterclaim. Subsequently, various pendente lite orders were entered addressing child support and related medical expense issues. Various proceedings were also brought to enforce plaintiff's rights under those orders and to establish arrearages. At some point in the proceedings, defendant moved to California where he currently resides. Ultimately, trial dates were established for December 18, 19, and 20, 1989. Defendant was given notice of the trial by the court and by plaintiff's attorney. He did not appear at the hearing on December 18th. In default of his appearance, the court took testimony consisting of approximately 130 pages of transcript. Thereafter, on January 16, 1991, the trial judge issued an oral 23 page bench opinion resulting in the judgment from which defendant now appeals.
Defendant does not deny receiving notice of the trial dates. His reasons for non-appearance, expressed through his appellate *416 attorney, were that he "chose to allow the court to handle this matter" because his father was "very ill in Florida" and his financial condition was "terrible."
On appeal, plaintiff argues that the default judgment is not directly appealable, citing various out-of-state authorities for that proposition, although admitting that her argument represents the minority view on the subject. However, regardless of whether the view is the minority or majority view, we are bound to follow the opinions of the highest court in our jurisdiction.
The rule in New Jersey is that a direct appeal will not lie from a judgment by default. McDermott v. Patterson, 122 N.J.L. 81, 84, 4 A.2d 306 (E. & A. 1939); Walter v. Keuthe, 98 N.J.L. 823, 121 A. 624 (E. & A. 1923).
The reason underlying this rule is that the very theory and constitution of a court of appellate jurisdiction is only the correction of errors which a court below may have committed, and a court below cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it.
McDermott, supra, 122 N.J.L. at 84, 4 A.2d 306 (citing Walter, supra, 98 N.J.L. at 826, 121 A. 624). See also In re Estate of Siegel, 214 N.J. Super. 586, 591, 520 A.2d 798 (App.Div. 1987). The Walter court acknowledged that the Constitution gives a party the right to appeal, but the right "is to be enjoyed and exercised, subject to the regulations of law, and to the rules and practices of the court." Walter, supra, 98 N.J.L. at 825, 121 A. 624. The proper course is to apply to the trial court to vacate the judgment. Id. at 827, 121 A. 624.[2]
R. 4:50-1 provides a defaulting party with a remedy. S. Pressler, Current N.J. Court Rules, R. 4:50-1 Comment 1 (1992) provides that

*417 a default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances and unless the defendant has a meritorious defense  either to the cause of action itself, or, if liability is not disputed, to the quantum of damages assessed.
Id. (citations omitted). Clearly, the rule's purpose would be diminished if a party was entitled to directly appeal a default judgment.
The trial court has discretion when addressing a motion to vacate. Id. In this case the trial judge, who is in the best position to decide the merits of defendant's arguments, was not given the opportunity to exercise his discretion. Defendant, by directly appealing this judgment is attempting to avoid the requirements of R. 4:50-1 and asks this court to use the same standard of review that would be used if defendant had appeared and contested the case. However, it was defendant's failure to appear that required the trial judge to use the best evidence available to afford plaintiff a just result. Defendant's voluntary conduct in absenting himself from the proceedings should not give him a better advantage on direct appeal than he would have as a movant under R. 4:50-1 where he is obligated to prove both excusable neglect and a meritorious defense.
Although the cases upon which we rely were decided prior to the 1947 Constitution, we are bound by decisions of the Court of Errors and Appeals. Jackson v. Hankinson, 94 N.J. Super. 505, 229 A.2d 267 (App.Div. 1967), aff'd, 51 N.J. 230, 238 A.2d 685 (1968). We have found no Supreme Court cases since the 1947 Constitution which undermine the rationale of these earlier cases. Indeed, the logic which compelled the result in Walter, supra, and McDermott, supra, is equally persuasive today where our rules of civil practice specifically provide a procedure for vacating a default judgment. See Kass v. Brown Boveri Corp., 199 N.J. Super. 42, 53, 488 A.2d 242 (App.Div. 1985).
Defendant's appeal is dismissed without prejudice and with leave to make an application for relief from judgment pursuant to R. 4:50-1. We take no position as to whether such motion is *418 timely or whether, if timely, any relief from the judgment should be granted.[3]
Appeal dismissed.
NOTES
[1] Max Haber, David's father, was named as a defendant for the purpose of ascertaining the true ownership of certain property. The complaint against him was dismissed without prejudice at the proof hearing.
[2] Neither party has cited these cases. We assume they were unaware of this authority.
[3] This opinion is not intended to affect or restrict in any way post judgment applications based on changed circumstances. See Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980), or motions to enforce such judgments. Tancredi v. Tancredi, 101 N.J. Super. 259, 261, 244 A.2d 139 (App.Div. 1968).