NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4635-15T1

ESTER SHIRA FRIEDMAN,

 Plaintiff-Respondent,

v.

CHAIM FRIEDMAN,

 Defendant-Appellant.
_____________________________________

 Submitted September 27, 2017 – Decided October 24, 2017

 Before Judges Alvarez and Geiger.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Ocean
 County, Docket No. FM-15-1285-14.

 August J. Landi, attorney for appellant.

 Keith Winters & Wenning, LLC, attorneys for
 respondent (Brian D. Winters, on the brief).

PER CURIAM

 We dismiss this appeal from a May 19, 2016 default judgment

of divorce. Defendant Chaim Friedman must file an application in

the trial court, pursuant to Rule 4:50-1 or on other grounds as

he may deem appropriate, in order to set aside the divorce decree.
 Plaintiff Ester Shira Friedman and defendant were married in

1998 and have seven children. The oldest child was born in 1999,

and the youngest children, a set of twins, were born in 2010.

 Defendant claims that beginning in 2008, he experienced

financial reversals from which he has never recovered. Whether

this was the product of his claimed bipolar disorder, changes in

the economy, or both, is not important to our decision.

 Defendant filed a Case Information Statement (CIS), Rule 5:5-

2, in July 2014, setting forth joint lifestyle expenses for the

family totaling $10,865 monthly. That figure was approximately

$200 less per month than the expenses listed on plaintiff's CIS.

If either party attached documentation to the CIS he or she filed,

it was not included in the appendices.

 On his CIS, defendant claimed a net average weekly income of

only $1,000, far less than his own reckoning of the family's needs.

In his CIS, defendant did not specify his sources of income,

stating only that he "[t]akes funds when available[,]" and that

his annual salary was "[a]s yet undetermined."

 Defendant alleged that the parties were in serious financial

trouble when they separated in 2013, and that plaintiff filed

bankruptcy to discharge her share of the marital obligations. He

stated that his businesses, whatever they may have been, are

 2 A-4635-15T1
defunct, and that all his real estate holdings, including the

marital residence titled in both names, were under water.

 Since the separation, defendant has contributed little

towards the support of his former wife, who essentially did not

work outside the home during the marriage, or towards the support

of his seven children. Plaintiff's CIS indicated that she and the

children received food stamps monthly and that she earned meager

pay as an intermittent babysitter, and later as a part-time

teacher's aide. In September 2015, defendant paid $5,000 on

account of support arrears, as a result of which the first default

entered against him was set aside. In addition to that $5,000

payment, as a further condition of vacating the default, defendant

was ordered to cooperate with discovery. He did not. It is

possible that he later also paid $1,400 to avoid a utility service

shut-off for the marital home, then occupied by the children and

their mother.

 When defendant convinced the trial judge to set aside the

first default in September 2015, contingent upon the $5,000 payment

and compliance with discovery obligations, it was no doubt also

attributable to defendant's submission of a certification

explaining his circumstances as we have described them, and a

letter from a psychiatric nurse who had been treating defendant

since 2004. She opined that he suffered from bipolar disease,

 3 A-4635-15T1
controlled to a limited extent by medication. Since defendant

allegedly did not have access to funds with which to pay for

treatment, medical insurance, or daily medication, he had gone

through periods of time while the divorce was pending in which he

was unmedicated. Although it was then probable that defendant was

residing in New York, he claimed he was virtually homeless.

Nowhere did defendant indicate what efforts, if any, he had made

to secure employment, the status of his defunct corporations, or

the status of his three rental units in Trenton.

 An unallocated support order of $475 per week was initially

entered in 2014, a period of time in which defendant was

represented and appears to have been participating to some extent

in the divorce proceedings. Defendant was then also ordered to

pay Schedule A shelter expenses and Schedule B transportation

costs, including payments on plaintiff's 2012 Honda.

 Defendant never cooperated with discovery, never paid any

expert's fees as ordered, or any counsel fees on plaintiff's

behalf. She filed some sixteen motions in an effort to move the

matter along and enforce the support orders.

 In May 2015, defendant's driver's license was suspended and

a bench warrant was issued for his arrest because of his arrears.

A second default entered against him in January 2016. From what

 4 A-4635-15T1
we can discern from the record, there has been virtually no contact

between defendant and the children since the parties' separation.

 Before the default divorce hearing, a proposed form of order

was forwarded to defendant's counsel. Prompted by his receipt of

the proposed judgment of divorce, the attorney appeared but could

not explain defendant's absence. The judge would not allow

defendant's attorney to cross-examine the plaintiff. The judge

barred cross-examination because of defendant's disregard for his

obligation in the litigation over a period of years.

 The divorce judgment requires defendant to pay $7,500 a month

in alimony and $3,000 a month in child support. The judge's

decision was based solely on the 2014 CISs filed by the parties.

Plaintiff was awarded ownership of the marital home and a power

of attorney that would enable her to sign any paperwork necessary

to address the pending mortgage foreclosure. Defendant was awarded

sole ownership of any remaining assets, including his rental units.

 The judge granted custody of the children to plaintiff. No

visitation was specified, however, the judgment states

"defendant's parenting-time shall be by agreement between the

parties and in a manner that serves and protects the best interest

of the children."

 An amended judgment was filed thereafter, in which the judge

amplified his legal reasoning. At this point, defendant owes well

 5 A-4635-15T1
in excess of $30,000 in child support arrears, no doubt increasing

exponentially as the current obligation of $10,500 a month goes

unpaid.

 Defendant now raises the following points on appeal:

 Point One

 The Trial Judge['s] ruling at Final Hearing
 barring cross-examination by Defendant's
 counsel, resulted in a denial of due process.

 [a] The Trial Court erred by
 continuing a Bench Warrant for
 Defendant's arrest without con-
 ducting an ability to pay hearing.

 [b] The Court erred by not lifting
 the Bench Warrant for Defendant's
 arrest so that he could be present
 at Final Hearing, and consult with
 counsel.

 [c] The Trial Court's findings as to
 Defendant's financial circumstances
 were arbitrary, capricious, and
 contrary to the ground truth in this
 case; given the foreclosures of
 record, abandoned Trenton
 properties, and the modest earnings
 reflected in tax returns; and
 Appellant's long-standing psychi-
 atric history.

 Point Two

 The financial compliance conditions imposed by
 the June 8, 2015 Order vacating Default was
 entered without taking testimony of the
 parties, leading to an onerous and oppressive
 result, given Appellant's dire financial
 circumstances and lack of resources or income
 to comply.

 6 A-4635-15T1
 Point Three

 Appellant's fundamental constitutional
 liberty rights to parent the children are
 abridged. The seven Friedman children were
 not represented by R.5:8A counsel during these
 proceedings.

 Point Four

 The Final Judgment of Divorce based upon
 pendente lite Orders entered on competing
 certifications is infirm and non-reviewable on
 Appeal as there are no findings of fact or
 conclusions of law. The present status
 severely abridges the rights of seven children
 requiring remand.

 Based on the record available to us, this family is in dire

straits. Plaintiff, whose principal role during the marriage was

to care for her children, has struggled alone with the

responsibility of feeding and caring for them in a home she knew

was under threat of foreclosure. Her utilities were cut off, or

under threat of being cut off, at various times while the divorce

was pending because she could not pay the bills. She and the

children relied on food stamps to make ends meet.

 If defendant is to be believed, his struggles with crippling

mental health issues have cost him his marriage, his relationship

with his children, his home and other assets, and his work.

Assuming for the moment that defendant's certification filed long-

ago was truthful in that he was unemployed because he was

 7 A-4635-15T1
unemployable, continuing to accumulate ruinous arrears that by

statute cannot be discharged, is not going to advance anyone's

best interests. Nor is it in the children's best interest to have

no contact with their father.

 Nonetheless, this case, like all others, must be addressed

by way of existing precedent. The notice of appeal encompasses

the default judgment of divorce and the amended judgment of

divorce. But it is well established that appeals must be dismissed

when taken against a judgment by default. Haber v. Haber, 253 N.J.

Super. 413, 416 (App. Div. 1992). As we said in Haber:

 The reason underlying this rule is that the
 very theory and constitution of the court of
 appellate jurisdiction is only the correction
 of errors which a court below may have
 committed, and a court below cannot be have
 said to have committed an error when its
 judgment was never called into exercise, and
 the point of law was never taken into
 consideration, but was abandoned by
 acquiescence or default of the party who
 raised it.

Ibid.; see also Pressler and Verniero, Current N.J. Court Rules,

comment 4.4 on Rule 4:50-1. ("This rule ordinarily provides the

sole recourse for relief from default judgment; direct appeal does

not lie.")

 It is the trial judge, not an appellate panel, who is in the

best position to assess the merits of a defaulted litigant's

contentions. See N.J. Div. of Youth & Family Servs. v. T.R., 331

 8 A-4635-15T1
N.J. Super. 360, 364 (App. Div. 2010). Additionally, in fairness

to plaintiff: "[d]efendant's voluntary conduct in absenting

himself from the proceedings should not give him a better advantage

on direct appeal than he would have as a movant under R[ule] 4:50-

1 where he is obligated to prove both excusable neglect and a

meritorious defense." Haber, supra, 253 N.J. Super. at 417.

 These rules of law are particularly suited to this case. The

record we have is wholly devoid of information that would enable

us to meaningfully weigh the merits of the final judgment of

divorce. Neither CIS is particularly enlightening, and if

supported by documentation, none was provided to us.

 We know nothing regarding defendant's earnings at the time

the judgment was entered, or beforehand for that matter, and

whether $10,500 per month is fair or realistic. We do not know

if the disposition of the assets had any impact on either party,

as the CISs indicated all real estate was under water, and may

have since been foreclosed upon.

 Assuming defendant's mental health is an issue, and that he

has not seen his children for several years, there may be a need

for a reunification plan developed with the aid of a counselor or

therapist before contact is resumed. Only a Family Part judge has

the authority and ability to fairly revisit the judgment in this

 9 A-4635-15T1
case, if defendant demonstrates some or all aspects of it warrant

reconsideration.

 The initiative for filing the appropriate Rule 4:50-1 or

other motion rests with defendant. This appeal is not only

procedurally barred, it is simply a poor substitute for meaningful

resolution in the trial court. Every day that passes is another

day defendant has no contact with the children, plaintiff likely

receives no support, and defendant continues to accumulate non-

dischargeable debt.

 Appeal dismissed.

 10 A-4635-15T1