**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5578-17T3

JOSEPH STUHLTRAGER and
LINDSEY STUHLTRAGER,

      Plaintiffs-Respondents,

v.

A1 PLUMBING HEATING &
AIR CONDITIONING, INC.,
and WARREN ANDREWS,

      Defendants-Appellants.

_____

      Submitted September 18, 2019 – Decided September 26, 2019

      Before Judges Gooden Brown and Mawla.

      On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. DC-000398-18.

      Kim Michelle Kline, attorney for appellants.

      Joseph Stuhltrager and Lindsey Stuhltrager, respondents pro se.

PER CURIAM

Defendants Warren Andrews and A1 Plumbing and Heating, Inc. (A1) appeal from a June 22, 2018 order denying their motion to vacate a default judgment entered on behalf of plaintiffs Joseph and Lindsey Stuhltrager. We affirm.

We take the following facts from the record. Plaintiffs contracted with A1 to install an HVAC system in their home. According to plaintiffs, A1 and its owner Andrews represented the system would be sufficient to maintain the second floor of their residence at seventy-to-seventy-two degrees Fahrenheit when temperatures outside exceeded ninety degrees. However, the system failed to maintain an adequate temperature and broke down. When defendants failed to remedy plaintiffs' concerns or respond to their demands for a refund, plaintiffs filed a complaint for breach of contract, fraud, and violation of the Consumer Fraud Act.

Defendant filed a motion to dismiss for failure to state a claim, which was denied. Having failed to answer plaintiffs' complaint, the court entered default against defendants. Plaintiffs filed a motion to enter default judgment, which defendants failed to answer. The court entered default judgment against Andrews on May 20, 2018, for $13,581 plus costs.

A-5578-17T3

Defendants moved to vacate the default judgment three days later. The judge denied the motion. He noted defendants did not oppose the motion to enter default judgment, although Andrews and his attorney were served with it. He found the motion to vacate default judgment

> was not accompanied by either an answer to the complaint or by a dispositive motion, as required by R[ule] 4:43-3. In addition, the certification of [c]ounsel which did accompany the motion failed to establish both excusable neglect for failing to file an answer and a meritorious defense to the complaint.

"[A] default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances and unless the defendant has a meritorious defense[.]" Haber v. Haber, 253 N.J. Super. 413, 417 (App. Div. 1992) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:50-1 (1992)). We review such determinations for an abuse of discretion. Mancini v. Eds ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993).

On appeal, defendants' counsel argues "[t]he trial court erred in granting a default judgment to the plaintiffs without the factual answers and admissions being submitted because this was an error of excusable neglect by the defendants (sic) attorney . . . who was under a physicians (sic) care and injured at the time that the admissions were to be sent to the court[.]" This argument was not raised

3

before the motion judge and thus is not a basis for reversal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (discussing the limited circumstances in which an appellate court will consider an argument first raised on appeal).

Defendants' motion did not raise counsel's medical condition, but instead stated "[m]otion was entered prematurely (sic) as [d]efendants' (sic) were in the process of answering [p]laintiffs' [i]nterrogatories. Judgement was entered before [d]efendants' responses were received for consideration." As the motion judge noted, defendants' task was to file either an answer with the motion to vacate default judgment or a dispositive motion. R. 4:43-3. Answering discovery was not a valid grounds to vacate the default judgment. Nor would answering discovery explain the excusable neglect of failing to answer the motion to enter default judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION