**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5346-17T1

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for the Certificateholders of the
Morgan Stanley Home Equity
Loan Trust 2007-1, Mortgage
Pass-Through Certificates,
Series 2007-1,

     Plaintiff-Respondent,

v.

MARTIN L. HAHN and JOYCE
J. HAHN,

     Defendants-Appellants.

_____

Submitted September 18, 2019 – Decided September 27, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-032921-15.

Martin L. Hahn and Joyce J. Hahn, appellants pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, Ben Z. Raindorf, and Robert D. Bailey, on the brief).

PER CURIAM

Defendants appeal various orders issued by the trial court in connection with the foreclosure action filed by plaintiff Deutsche Bank National Trust Company. Specifically, defendants challenge a February 19, 2016 order denying their motion to dismiss the foreclosure complaint, a December 1, 2016 order entering default, a February 17, 2017 order denying their motion to vacate default, and a July 6, 2018 final judgment. We affirm all orders on appeal.

On October 6, 2006, defendants executed a Note in the amount of $176,800. On the same date, defendants executed a Mortgage pledging property located at 5647 Magnolia Avenue, Pennsauken as collateral for the loan amount. The Mortgage was subsequently assigned to plaintiff. Defendants defaulted under the terms of the Note by failing to make the payment due on January 1, 2014. Defendants have not made any payment since that date.

Plaintiff filed a foreclosure complaint in September 2015. Defendants' motion to dismiss plaintiff's complaint was denied on February 19, 2016. Default was entered on December 1, 2016 because defendants failed to respond to the foreclosure complaint. Defendants' subsequent motion to vacate default

was denied. In denying the motion to vacate default, the judge determined defendants were "served with [the] complaint on 11/19/15 and waited until 12/15/16 to attempt to file an answer out of time."

On July 6, 2018, a final judgment of foreclosure was entered. A sheriff's sale was held in November 2018, and plaintiff presently owns the house.

Defendants raise several arguments on appeal. They contend the trial court improperly denied their motion to dismiss plaintiff's foreclosure complaint, which prevented them from filing a timely answer. Defendants further assert the trial court erred in denying their motion to vacate default and entering final judgment in favor of plaintiff. In addition, defendants argue they have meritorious defenses to plaintiff's foreclosure action.

A trial court's decision to deny a motion to vacate default under Rule 4:43-3 is reviewed under an abuse of discretion standard. Mancini v. EDS, 132 N.J. 330, 334 (1993). The court's decision should be reversed only "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, the trial court did not abuse its discretion in denying defendants' motion to vacate default because defendants did not establish good cause for failing to timely

file an answer to the foreclosure complaint. Defendants were served with the complaint in November 2015 and did not file an answer until December of 2016, well beyond the thirty-five day requirement for filing an answer. See Rule 4:6-1(a).

"[A] default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances and unless the defendant has a meritorious defense . . . ." Haber v. Haber, 253 N.J. Super. 413, 417 (App. Div. 1992) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:50-1 (1992)). "[T]he showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019).

Here, defendants failed to set forth any meritorious defenses. Under the National Bank Act, 12 U.S.C. § 24, plaintiff, as a national bank, is allowed to file a foreclosure action in New Jersey. In addition, defendants lack standing to challenge the terms of the trust that assigned the Mortgage to plaintiff. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 331-32 (Ch. Div. 2011). Further, plaintiff established the standing requirement to foreclose on the Mortgage as it provided an authenticated assignment of the Mortgage prior to the filing of the complaint. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 224 (App. Div. 2011). Nor did defendants demonstrate plaintiff's certification of diligent inquire was

4

improper. See R. 4:64-1(a)(2); see also N.J.R.E. 803(c)(6) (requiring proof that the writing was made in the regular course of business, prepared within a short time of the event being described, and the source of the information and method of the preparation of the writing be justified to allow the writing as evidence).

Having considered defendants' contentions in light of the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION