**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3324-19

YOEL GRUEN,

    Plaintiff-Appellant,

v.

AHUVA GRUEN,

    Defendant-Respondent.

_____

> Submitted May 31, 2022 – Decided June 28, 2022
>
> Before Judges Rothstadt and Natali.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0327-16.
>
> Yoel Gruen, appellant pro se.
>
> Keith, Winters, Wenning & Harris, LLC, attorneys for respondent (Cipora Winters, on the brief).

PER CURIAM

    In this dissolution matter, plaintiff Yoel Gruen appeals from the Family

Part's October 11, 2019 default final judgment of divorce (JOD) granted to

defendant, Ahuva Gruen. On appeal, plaintiff argues that the trial court denied his due process rights by entering the default JOD while plaintiff was involuntarily hospitalized under a doctor's psychiatric care and without testimony from plaintiff's guardian ad litem. He also contends the court failed to hold defendant accountable for child support and erred by not equitably distributing the parties' marital properties, miscalculating his earning capacity, directing the parties to split the children's healthcare costs on a 75/25 basis, and directing him to pay $167,993.80 in outstanding child support.

Having considered the record, we conclude that plaintiff's appeal must be dismissed as he failed to seek any relief from the trial court under Rule 4:50-1.

The facts pertinent to this appeal taken from the record are summarized as follows. The parties were married on March 12, 2000 in a religious ceremony. There were seven children born to the marriage, currently ranging from ages nine to twenty-one.

Plaintiff filed a complaint for divorce, on September 9, 2015, and defendant filed a timely answer and counterclaim. Thereafter, on June 7, 2016, the parties entered into an agreement as to their financial issues following mediation. On August 15, 2016, a consent order was entered as to custody and parenting time. Nevertheless, the parties thereafter engaged in protracted

A-3324-19

litigation, filing numerous motions, including applications by plaintiff to seek relief from this court on an interlocutory basis, which we denied.

Subsequently, when the trial court began to attempt to schedule a final hearing in December 2017, plaintiff repeatedly failed to appear, asserting that he was receiving psychiatric treatment at Ancora State Psychiatric Hospital (Ancora) and could not attend the hearings.

On June 1, 2018, the court entered an order, as amended on June 8, 2018, in which it appointed a guardian ad litem for plaintiff after "find[ing] that the involuntary commitment of . . . [p]laintiff to Ancora . . . after a series of voluntary commitments raise[d] prima facie concerns about his mental health." The guardian ad litem later issued two reports, in June 2018 and September 2018, which informed the court that plaintiff's mental health providers believed that he was exaggerating his symptoms and was a "malingerer." As such, the guardian ad litem concluded that in her "opinion [plaintiff] can participate in the divorce [proceedings] but chooses not to." She noted, that "[a]t best, it appears that he is exaggerating his symptoms" or "[a]t worst, he is completely falsifying his symptoms in order to avoid participating in the litigation."

On January 18, 2019, the court entered an order striking plaintiff's pleading and permitting defendant to proceed on her counterclaim on a default

A-3324-19

basis after finding that plaintiff "purposely evaded" the proceedings for over a year. In its written findings of fact that were incorporated into its order, the court stated, in pertinent part, as follows:

> The within decision illustrates the lack of respect for these proceedings shown by [p]laintiff. Plaintiff has thwarted every opportunity to attempt to either resolve or otherwise adjudicate this matter. The [c]ourt has previously denied without prejudice [d]efendant's request to declare a default and have the matter proceed by way of default trial. However, [p]laintiff has now, in this [c]ourt's mind, purposely evaded this [c]ourt's proceedings for well over one (1) year. The last time that [p]laintiff appeared in [c]ourt was October of 2017. After that date, he would appear at the courthouse to drop off documents etc., but would be unavailable on any [m]otion or conference date scheduled by the [c]ourt. Since his release from Ancora approximately four (4) months ago, he has not made contact with the [c]ourt, although he had been advised by the Guardian Ad Litem that this matter would be proceeding. The [c]ourt is satisfied that he is purposely evading the process and is acting in what appears to be bad faith. The [c]ourt is convinced that fairness and equity necessitate granting the extraordinary remedy to strike [p]laintiff's pleadings and allow the matter to . . . proceed by default. The [c]ourt does not make this decision lightly. However, after an analysis and weighing of all the facts and circumstances in this case, the [c]ourt is satisfied that to do otherwise will serve to do nothing but delay the matter indefinitely and would be an injustice to [d]efendant, who has complied with all provisions of all [c]ourt orders currently in effect. Accordingly, default shall be entered upon the record. Pursuant to R[ule] 5:5-10, [d]efendant is ORDERED to file a Notice of Proposed Final Judgment and serve

4

> same upon [p]laintiff. The matter will then be scheduled for a default hearing in the normal course after the period for objections has expired.

Thereafter, defendant filed and attempted to serve the Notice for Final Judgment required by <u>Rule</u> 5:5-10. However, despite her diligent efforts to locate plaintiff's address, she was unable to serve defendant. Thereafter, the court entered an order permitting defendant to serve plaintiff by substituted service through publication, which she did on August 5, 2019. Afterward, on October 11, 2019, the court presided over the default hearing. Plaintiff did not appear. On the same day, after considering defendant's testimony, the court issued the JOD, placing its reasons on the record that day. Defendant filed this appeal on April 28, 2020.[1]

We conclude from our review of the record that plaintiff's appeal is barred under our holding in <u>Haber v. Haber</u>, 253 N.J. Super. 413, 414-15 (App. Div. 1992). In <u>Haber</u>, we considered the defendant's ability to appeal a default divorce judgment that was entered after the defendant filed an answer and counterclaim but failed to appear at trial. <u>Ibid.</u> There, we stated "a direct appeal will not lie from a judgment by default." <u>Id.</u> at 416 (first citing <u>McDermott v.</u>

---

[1] On June 26, 2020, we granted plaintiff's motion to file his notice of appeal "as within time."

Patterson, 122 N.J.L. 81, 84 (E. & A. 1939); and then Walter v. Keuthe, 98

N.J.L. 823, 826-27 (E. & A. 1923)); accord N.J. Div. of Youth & Fam. Servs. v.

T.R., 331 N.J. Super. 360, 363-64 (App. Div. 2000) (citing Haber, 253 N.J.

Super. at 416). We explained our reasoning in Haber as follows:

> The reason underlying this rule is that the very theory
> and constitution of a court of appellate jurisdiction is
> only the correction of errors which a court below may
> have committed, and a court below cannot be said to
> have committed an error when its judgment was never
> called into exercise, and the point of law was never
> taken into consideration, but was abandoned by
> acquiescence or default of the party who raised it.
>
> [Haber, 253 N.J. Super. at 416 (quoting McDermott,
> 122 N.J.L. at 84).]

Thus, "[t]he proper course is to apply to the trial court to vacate the

judgment[]"under Rule 4:50-1.[2] Ibid. (citing Walter, 98 N.J.L. at 827).

In the matter now before us, the record contains no evidence that during

the six months between the entry of the JOD and the filing of his appeal, plaintiff

ever filed the required Rule 4:50-1 motion with the trial court. After he filed

the appeal, and despite the statement in our above noted March 2021 order, to

---

[2] We note that in response to defendant's February 1, 2021 motion filed before us to "open the default judgment," we entered an order on March 8, 2021, denying relief and advising that "[a] motion to set aside a default judgment must be made in the trial court."

A-3324-19

our knowledge, plaintiff has still not filed that motion. Under these circumstances, we are constrained to dismiss plaintiff's appeal.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3324-19