# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1427-20

GREGORY BAER,

    Plaintiff-Appellant,

v.

SHERYL HUNTER,

    Defendant-Respondent.

_____

Submitted June 6, 2022 – Decided July 11, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-0860-15.

Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys for appellant (Michael J. Weil, of counsel and on the brief; Joseph V. Maceri, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this Family Part, non-dissolution matter, plaintiff Gregory Baer appeals from the trial court's December 15, 2020 order that was entered in response to a motion filed by defendant Sheryl Hunter, to which plaintiff never filed any opposition. The order addressed the custody and parenting time of the parties' son, who is now eight years old.

On appeal, plaintiff contends "the trial court abused its discretion by modifying custody and parenting time without finding a permanent and substantial change in circumstances," and that the court should have conducted a plenary hearing before taking any action. He also argues that the court's "findings of fact and conclusions of law" were insufficient, and it "abused its discretion by delegating its parens patriae role to the parenting coordinator."

Having reviewed the record, we dismiss plaintiff's appeal because he never sought relief from the default order and therefore never raised before the trial court any of the issues he now argues before us.

Here, it was uncontested that plaintiff failed to file opposition to defendant's motion that resulted in the challenged order. According to plaintiff's appellate brief he "was never made aware of the return date of [the] application." As a result, according to plaintiff, the court entered the order "without oral argument, a hearing, or even an opposition to the motion from . . . [p]laintiff."

A-1427-20

He contends that the reason for his inability to submit timely opposition was due to the court considering the motion only four days after it was filed and that it was decided within the brief time period that the court had previously directed the parties to attempt to resolve their issues. According to plaintiff, "[a]s a result of sequencing, . . . plaintiff was not permitted to contest . . . defendant's application or challenge [the parent coordinator's] report [to the court], nor was he able to provide testimony as to the child's primary residential custodian or present witnesses on his behalf." However, instead of raising these issues before the trial court, plaintiff filed this appeal.

Under these circumstances, we are constrained to dismiss this appeal because plaintiff never filed a motion under Rule 4:50-1 seeking to vacate the subject order for the reasons that he has expressed to us on appeal or otherwise.

Appeals from orders and judgments entered on a default basis or acquiescence generally cannot be challenged on appeal by the defaulting party. See Haber v. Haber, 253 N.J. Super. 413, 414-15 (App. Div. 1992). In Haber, we considered the defendant's ability to appeal a default divorce judgment that was entered after the defendant filed an answer and counterclaim but failed to appear at trial. Ibid. There, we stated "a direct appeal will not lie from a judgment by default." Id. at 416 (first citing McDermott v. Patterson, 122 N.J.L.

81, 84 (E. & A. 1939); and then Walter v. Keuthe, 98 N.J.L. 823, 826-27 (E. & A. 1923)); accord N.J. Div. of Youth & Fam. Servs. v. T.R., 331 N.J. Super. 360, 363-64 (App. Div. 2000) (citing Haber, 253 N.J. Super. at 416).  We explained our reasoning in Haber as follows:

> The reason underlying this rule is that the very theory and constitution of a court of appellate jurisdiction is only the correction of errors which a court below may have committed, and a court below cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it.
>
> [Haber, 253 N.J. Super. at 416 (quoting McDermott, 122 N.J.L. at 84).]

Thus, "[t]he proper course is to apply to the trial court to vacate the judgment[]" under Rule 4:50-1.  Ibid. (citing Walter, 98 N.J.L. at 827).

In this matter, the record contains no evidence that at any time after the court entered its December 15, 2020 order did plaintiff file a motion seeking to vacate the order that plaintiff now challenges on appeal.  Without plaintiff allowing the trial court an opportunity to consider his arguments, we are in no position to perform our appellate function.  As plaintiff never presented to the trial court his procedural arguments as to why the order should not have been entered, or his substantive arguments about why the order was inconsistent with

A-1427-20

the applicable law, we cannot consider his claims on appeal.  See Correa v. Grossi, 458 N.J. Super. 571, 576 n.2 (App. Div. 2019) (citing Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973)).

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1427-20