**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3256-22

HARRY CALLAHAN,

    Plaintiff-Respondent,

v.

ARB PARKING,

    Defendant-Appellant.

_____

> Submitted March 18, 2024 – Decided March 27, 2024
>
> Before Judges Chase and Vinci.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-000628-23.
>
> Vincent Hunter Miletti, attorney for appellant.
>
> Respondent has not filed a brief.

PER CURIAM

    Defendant ARB Parking appeals from a June 15, 2023 order following a proof hearing entering default judgment in the amount of $3,462.16 in favor of

plaintiff Harry Callahan.  We dismiss the appeal for the reasons expressed in this opinion.

The facts as recounted in the complaint are straightforward.  Plaintiff made a reservation to park his car at defendant's parking lot near Newark Airport.  When plaintiff dropped off the car, he was required to leave his key with the attendant.  When he retrieved the car two days later, he noticed damage to the driver's-side front fender and to the left front and rear rims.  He immediately notified the lot's employees, who took pictures and told plaintiff to call the manager the next day.  Plaintiff attempted to call and visit the facility on multiple occasions but did not receive a response.

In May 2023, plaintiff filed a complaint in the Law Division, Special Civil Part, Small Claims Section in Essex Vicinage.  The accompanying summons reflected a trial date of June 15 at 9:00 a.m.  When the case was called for trial, plaintiff appeared, but defendant did not.  The judge entered default judgment in plaintiff's favor, and the matter was transferred to another judge for a proof hearing later that day.

At the hearing, plaintiff testified to bringing his car to defendant's lot undamaged and returning to find damage to the fender and both left wheels.  He testified to obtaining the estimates totaling $3,420.16 from his local dealership.

2

He also testified to his personal experience purchasing and selling vehicles and to his belief that the estimates represented a fair and reasonable value of the damage to his car. The court accepted plaintiff's documents, including photographs of his car and the estimates obtained, into evidence. The court found plaintiff's testimony credible and noted on the record pursuant to <u>Nixon v. Lawhon</u>, 32 N.J. Super. 351, 356 (App. Div. 1954), expert testimony was not required to establish the amount of the damages.

The court then entered judgment in the amount of $3,462.16, inclusive of costs, in plaintiff's favor, and ordered a copy of the judgment to be served upon all parties within seven days.

Defendant filed its notice of appeal, designating the order following the proof hearing as the basis for its appeal. On appeal, defendant contends: it has no liability for damage to plaintiff's car because, as a self-parking service, it had no possession or control of the car; plaintiff did not establish the damage occurred while the car was in the lot; the court considered inadmissible evidence at the proof hearing; the verdict did not comport with controlling case law; and it was never properly served with notice of plaintiff's claim.

Defendant's arguments were not addressed by the trial court because he did not move before the court to vacate the default judgment. A direct appeal

from a default judgment is improper. <u>N.J. Div. of Youth & Family Servs. v. T.R.</u>, 331 N.J. Super. 360, 363 (App. Div. 2000) (citing <u>Haber v. Haber</u>, 253 N.J. Super. 413, 416 (App. Div. 1992)). "The rule in New Jersey is that a direct appeal will not lie from a judgment by default." <u>Haber</u>, 253 N.J. Super. at 416 (citing <u>McDermott v. Patterson</u>, 122 N.J.L. 81, 84 (E. & A. 1939)). <u>See also</u> <u>Walter v. Keuthe</u>, 98 N.J.L. 823, 827 (E. & A. 1923) (declining to hear an appeal where "the defendant sat supinely by and let judgment go against [them] by default, and then . . . attempt[ed] to raise questions of law and fact which by proper pleadings could have been raised at the trial"). Such judgments are not appealable because

> the very theory and constitution of a court of appellate jurisdiction is only the correction of errors which a court below may have committed, and a court below cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it.
>
> [<u>Haber</u>, 253 N.J. Super. at 416 (quoting <u>McDermott</u>, 122 N.J.L. at 84).]

A motion to vacate the default judgment under <u>Rule</u> 4:50-1, not direct appeal, provides the proper avenue for remedy. If parties were entitled to direct appeal from a default judgment, "[<u>Rule</u> 4:50-1]'s purpose would be diminished."

4

Haber, 253 N.J. Super. at 417. Defendant should not be provided with "a better advantage on direct appeal than [it] would have as a movant under [Rule] 4:50-1 where [it] is obligated to prove both excusable neglect and a meritorious defense." Ibid.

Defendant's appeal is dismissed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3256-22