**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2670-24

JESUS PACHECO and
ROSA PACHECO,

      Plaintiffs-Respondents,

v.

212 PARKER LLC and
ABRAHAM PERL, individually,

      Defendants-Appellants.

_____

> Submitted November 20, 2025 – Decided December 10, 2025
>
> Before Judges Mawla and Marczyk.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-001738-25.
>
> Larry S. Loigman, attorney for appellants.
>
> Respondents have not filed a brief.

PER CURIAM

    In this one-sided appeal, defendants 212 Parker LLC and Abraham Perl appeal from the trial court's March 22, 2025 order granting plaintiffs Jesus

Pacheco and Rosa Pacheco default judgment against defendants. We dismiss defendants' appeal.

Plaintiffs sold their residential property to defendants and closed in May 2023. Pursuant to a use and occupancy agreement, plaintiffs lived in the property until October 2024. Plaintiffs contended defendants refused to release the use and occupancy escrow based on the condition of the property when they vacated the property. They maintained the property's condition was unchanged. On January 16, 2025, plaintiffs filed a complaint against defendants in the Special Civil Part of the Law Division alleging breach of contract regarding the use and occupancy agreement.

The summons and complaint were purportedly mailed to defendants on January 17, 2025. Default was entered on March 3, 2025.[1] When defendants failed to answer, plaintiffs moved for default judgment under Rule 6:6-3(a). On March 22, 2025, the court entered default judgment against defendants in the amount of $20,509.

Defendants moved to vacate the default judgment on April 9, 2025, asserting the following: plaintiffs failed to serve defendants with the complaint

---

[1] Default was automatically entered against defendants pursuant to Rule 6:6-2. See Chase Bank USA, N.A. v. Staffenberg, 419 N.J. Super. 386, 389 (App. Div. 2011).

in January 2025; defendants were not served with the complaint until March 7, 2025, four days after the entry of default; and defendants had a meritorious defense to the complaint. More particularly, Perl argued the service of the complaint at the address, which is the subject of this litigation, was improper because no one lived there. As to their meritorious defense, defendants argued:

> Both the sellers and the buyer were represented throughout the underlying, arms-length transaction by their own attorneys. If the attorney for the sellers ([p]laintiffs in this case) were not advised by their own attorney as to the terms of the use and occupancy agreement, that is a matter between them. Since the attorney for the sellers did sign the agreement, [Perl] reasonably relied on that signature and believed that the agreement had been accepted by all parties.

Plaintiffs opposed the motion, asserting a corporate search of 212 Parker LLC indicates that Perl is the registered agent of 212 Parker Street, Newark, where the complaint was mailed. Therefore, plaintiffs reasoned, defendants failed to show "excusable neglect" under Rule 4:50-1(a) and had no meritorious defenses.

The motion was scheduled for a hearing on April 25, 2025. On April 21, 2025, defense counsel requested to appear remotely at the argument because he was required to appear in another court that day. Plaintiffs' counsel also requested the hearing be held remotely. The trial court denied both requests.

3

Thereafter, defense counsel requested the Essex County Assignment Judge to "direct staff to provide for the pending motion to be heard remotely." The request was denied.

Defense counsel subsequently corresponded with the Clerk of the Special Civil Part, stating:

> As I have been advised that [the a]cting [a]ssignment [j]udge . . . , in response to my letter[,] . . . has denied my request to allow for my remote appearance on the motion scheduled for argument tomorrow, I am compelled to withdraw my request for oral argument, and allow for disposition on the papers. This withdrawal is without prejudice to any rights[,] which [d]efendants may have, none of which are waived.

Counsel's request to withdraw his demand for oral argument was denied, and counsel for both parties were ordered to appear before the court for argument the next day at 1:30 p.m.

Sometime on April 25, 2025, defense counsel wrote to the court stating, "I will not be able to be in Newark this afternoon. Defendants' legal and factual position is adequately set forth in our papers, and I ask that the [c]ourt accept [the] same for purposes of deciding this motion." At the time the motion was scheduled to be heard later that day, only counsel for plaintiffs appeared. As a result, the trial court denied defendants' motion to vacate "for lack of prosecution" and entered an order denying the motion "without prejudice."

4

On May 9, 2025, the court issued a statement of reasons amplifying its prior oral decision pursuant to Rule 2:5-1(d). The court stated:

> Defendants' legal and factual position[s] were not adequately set forth in the papers. This court had serious questions that needed to be answered, clarification as to why [defendants] failed to provide exhibits, and the facts, as certified to by Perl, that needed clarification, all of which could only be cleared up with oral argument. In addition, this court felt that it would be highly prejudicial to plaintiffs to dispense with oral argument since plaintiffs relied upon defense counsel's original request. Lastly, this court felt it would be improper to conduct oral argument ex parte.
>
> It was clear to this court that simply rescheduling the motion for in-person oral argument would be fruitless considering defense counsel's posture. Therefore, it had no choice but to deny the motion for lack of prosecution, as opposed to on the merits, making available to [defendants] the right to refile their motion.

Instead of refiling their motion, defendants filed a notice of appeal on April 30, 2025, challenging the default judgment entered against them on March 22, 2025.

Given the trial court clearly stated it did not rule substantively on the merits of defendants' motion to vacate the default judgment and entered an order dismissing defendants' motion without prejudice, defendants' remedy at that juncture was not to appeal. Rather, they should have moved to vacate the default judgment as directed by the trial court. We have held, "a direct appeal will not

lie from a judgment by default." Haber v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992) (citing McDermott v. City of Patterson, 122 N.J.L. 81, 84 (E. & A. 1939)); see also Walter v. Keuthe, 98 N.J.L. 823, 824-25 (E. & A. 1923). In McDermott, we explained:

> The reason underlying this rule is that the very theory and constitution of a court of appellate jurisdiction is only the correction of errors[,] which a [trial] court . . . may have committed, and a [trial] court . . . cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it.
>
> [122 N.J.L. at 84 (citing Walter, 98 N.J.L. at 826); see In re Est. of Siegel, 214 N.J. Super. 586, 591 (App. Div. 1987).]

Rule 4:50-1 provides defendants an avenue to vacate a default judgment, and "the rule's purpose would be diminished if a party was entitled to directly appeal a default judgment." Haber, 253 N.J. Super. at 417. We observed in Haber, "[t]he trial court has discretion when addressing a motion to vacate. In this case the trial judge, who is in the best position to decide the merits of [the] defendant's arguments, was not given the opportunity to exercise [their] discretion." Ibid. (citation omitted). We further commented:

> [The d]efendant, by directly appealing th[e] judgment[,] is attempting to avoid the requirements of R[ule] 4:50-1 and asks this court to use the same

6

standard of review that would be used if [the] defendant had appeared and contested the case. However, it was [the] defendant's failure to appear that required the trial judge to use the best evidence available to afford [the] plaintiff a just result. [The d]efendant's voluntary conduct in absenting [them]self from the proceedings should not give [them] a better advantage on direct appeal than [they] would have as a movant under R[ule] 4:50-1 where [they are] obligated to prove both excusable neglect and a meritorious defense.

[Ibid.]

The same rationale discussed in Haber applies here. Although defendants moved to vacate plaintiffs' default judgment, defendants' motion was dismissed for procedural reasons, based on defense counsel's failure to appear. Defendants' recourse at that time was to move again to vacate the default judgment, as invited by the trial court, instead of filing an appeal. Accordingly, defendants' appeal is dismissed without prejudice, and they must first seek relief from the judgment before the trial court pursuant to Rule 4:50-1.

Dismissed without prejudice. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7