751 A.2d 1098

NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, PLAINTIFF–RESPONDENT, v. T.R., DEFENDANT–APPELLANT.

IN THE MATTER OF THE GUARDIANSHIP OF L.R.N., A MINOR.

Superior Court of New Jersey
Appellate Division

Submitted May 17, 2000—Decided June 6, 2000.

---

[4] We leave Decker's request to review video recordings of the mess hall area for further development on the remand.

Before Judges BAIME, BROCHIN and EICHEN.

*Ivelisse Torres*, Public Defender, attorney for appellant (*William Welaj*, Designated Counsel, of counsel and on the brief).

*John J. Farmer, Jr.*, Attorney General, attorney for respondent (*Andrea M. Silkowitz*, Assistant Attorney General, of counsel; *James F. LaFargue*, Deputy Attorney General, on the brief).

*Ivelisse Torres*, Public Defender, attorney for minor child L.R.N. (*Craig D. Robin*, Assistant Deputy Public Defender, on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

T.R., the biological father of L.R.N., born June 18, 1992, appeals from a final judgment entered by default on September 27, 1999,

terminating his parental rights to L.R.N. and conferring guardianship over the child in favor of the Division of Youth and Family Services (Division).

T.R. contends that "the trial court erred by terminating [his] parental rights on a default basis, thereby depriving him of an opportunity to be heard regarding the termination and guardianship issues." While acknowledging that he failed to appear on the date scheduled for the guardianship trial, and at a previously scheduled hearing, T.R. maintains that the court should have exercised its discretion by requiring defense counsel to personally contact him to assure that he had received notice of the rescheduled guardianship trial.[1]

These are the pertinent facts immediately surrounding the entry of judgment by default. On June 10, 1999, the Family Part entered an order requiring defendant to appear at 1:30 p.m. on July 29, 1999 "to provide testimony as to why the Court should not enter an order terminating [his] parental rights" to L.R.N. The record reflects that defendant had been served personally in court at a prior proceeding with the order scheduling the guardianship proceeding for July 29, 1999. In addition, notice of the proceedings had also been sent to T.R.'s home by regular and certified mail. On July 29, 1999, T.R. failed to appear and the Family Part judge entered a default against him "with the understanding that he may apply within 30 days to vacate the default...." Subsequently, it appears that the default was vacated after T.R.'s attorney advised the court that T.R. claimed he was not present on July 29, 1999 because he had been involved in an accident on July 28, 1999.[2]

---

[1] However, nowhere in the record does he claim that he did not receive such notice.

[2] The Division, however, disputed that account, countering that L.R.N. had been seen by a Division caseworker on July 29, 1999 at which time T.R. is purported to have stated that he had forgotten about the court date.

Thereafter, T.R.'s attorney sent notice by regular and certified mail to defendant that the guardianship proceedings had been rescheduled for September 13, 1999. On September 13, 1999, T.R. again failed to appear. Consequently, the judge entered a default, allowed his counsel to be relieved, and directed the Division to proceed with its termination case on a default basis. At the conclusion of the proof hearing, the judge did not make any findings of fact or conclusions of law; he simply entered an order on September 27, 1999, concluding that the Division "has met all of the standards for termination of parental rights as established by *N.J.S.A.* 30:4C–15.1" and that it was in "the best interests of the minor" that T.R.'s parental rights be terminated.

T.R. did not file a motion for reconsideration or move to vacate the entry of the default judgment terminating his parent rights to L.R.N. and conferring guardianship over the child to the Division. Instead, he filed this appeal challenging the adequacy of the notice to him of the guardianship proceeding, arguing that the trial court should have ordered counsel to serve him personally with notice of the new trial date and that the inadequacy of the notice "deprived him of an opportunity to be heard regarding this most important issue."

We conclude that defendant's challenge to the notice procedure employed by the trial court is clearly without merit. *R.* 2:11–3(e)(1)(E).

In addition, to the extent T.R.'s appeal attempts to overturn the default judgment on this appeal by arguing the merits, we reject the attempt. Notably, defendant does not explain why he failed to appear. Neither does he provide us with any evidence to contradict the experts' opinions upon which the trial judge presumably relied in terminating his parental rights, except to state that he has always maintained visitation with L.R.N.

However, the rule in New Jersey is that a direct appeal will not lie from a judgment by default. *Haber v. Haber,* 253 *N.J.Super.* 413, 416, 601 *A.*2d 1199 (App.Div.1992) (citing *McDer-*

*mott v. City of Paterson*, 122 *N.J.L.* 81, 84, 4 *A.*2d 306 (E. & A.1939)). The proper course was for T.R. to apply to the trial court for relief from the default judgment pursuant to *R.* 4:50–1 where he was obligated to demonstrate both excusable neglect and a meritorious defense. In *Haber*, quoting the court of Errors and Appeals, Judge Keefe stated:

> The reason underlying this rule is that the very theory and constitution of a court of appellate jurisdiction is only the correction of errors which a court below may have committed, and a court below cannot be said to have committed an error when its judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it.
>
> [*Id.* at 416, 601 *A.*2d 1199.]

As we observed in *Haber*, the trial judge is in the best position to decide the merits of a defaulted defendant's arguments, and the "[d]efendant's voluntary conduct in absenting himself from the proceedings should not give him a better advantage on direct appeal than he would have as a movant under *R.* 4:50–1 where he is obligated to prove both excusable neglect and a meritorious defense." *Id.* at 417, 601 *A.*2d 1199.

Accordingly, we dismiss the appeal without prejudice and grant leave to T.R. to file a motion under *R.* 4:50–1 to vacate the default judgment. We do not take any position as to whether such an application should be granted.

However, we would be remiss if we did not acknowledge the significant effect our disposition here may have on L.R.N. in the sense that it will undoubtedly cause delay in securing his permanent placement should defendant seek relief from the default judgment in the Family Part. *See Matter of K.H.O.*, 161 *N.J.* 337, 364 fn. 1, 736 *A.*2d 1246 (1999) (noting that *N.J.S.A.* 30:4C–15.1 has been amended "placing an emphasis on permanent placement"). With this in mind, we therefore direct the following accelerated proceedings to be implemented should defendant file a motion for relief from the judgment under *R.* 4:50. *See Enourato v. New Jersey Bldg. Authority*, 182 *N.J.Super.* 58, 66, 440 *A.*2d 42 (App.Div.1981), *aff'd* 90 *N.J.* 396, 448 *A.*2d 449 (1982) (citing *DeSimone v. Greater Englewood Housing Corp. No. 1*, 56 *N.J.*

428, 267 *A*.2d 31, (1970)) (noting that *R.* 1:1–2 and 2:9–2 permits a court to accelerate proceedings when a prompt final disposition is required).

If defendant determines to challenge the default judgment, defendant shall file his motion to vacate within twenty days of the date of our filing this decision. The Family Part shall consider and decide the motion within five days of hearing the application. If the motion is denied, the Family Part judge shall make specific findings of fact and conclusions of law, stating the reasons why defendant has not demonstrated both excusable neglect and a meritorious defense, which shall include a full explanation of the basis for the judge's decision to terminate defendant's parental rights.

If defendant decides to appeal from the denial of his motion under *R.* 4:50, he shall file his notice of appeal within five days of receipt of the order denying the relief and shall order a transcript of the proceedings on an expedited basis. Briefs shall be exchanged twenty days after receipt of the transcript and the matter shall be set down for oral argument on this court's first available calendar after the appeal is perfected.

The appeal is dismissed without prejudice.