**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4545-15T1

WELLS FARGO BANK, NA,

      Plaintiff-Respondent,

v.

EMMANUEL ETIM,

      Defendant-Appellant,

and

MRS. EMMANUEL ETIM, UNITED STATES
OF AMERICA, SCHWARTZ BARKIN
& MITCHELL, and SLOMINS, INC.,

      Defendants.

_____

      Submitted August 15, 2017 — Decided September 29, 2017

      Before Judges Messano and Sumners.

      On appeal from the Superior Court of New
      Jersey, Chancery Division, Essex County,
      Docket No. F-025304-15.

      Law Offices of Montell Figgins, attorney for
      appellant (Mr. Figgins, on the brief).

      Reed Smith, LLP, attorneys for respondent
      (Henry F. Reichner, of counsel and on the
      brief).

PER CURIAM

Defendant Emmanuel Etim never answered a summons and complaint in foreclosure filed by plaintiff Wells Fargo Bank.[1] Through an apparent mistake, Wells Fargo's counsel filed both a notice of dismissal without prejudice and a request to enter default on the same day. The Office of Foreclosure filed the notice of dismissal, even though it did not name any of the five defendants, and rejected the request to enter default. Wells Fargo re-filed the request to enter default, which was accepted and filed on October 28, 2015.

On March 14, 2016, Wells Fargo moved to vacate dismissal and reinstate the action. Defense counsel attempted to file an appearance, but the court rejected the substitution of counsel for reasons that are not clear from the record. On April 4, 2016, the Chancery Judge entered an order vacating the dismissal and reinstating the foreclosure complaint. The order further required Wells Fargo to move for final judgment within 120 days, which it did on April 12. Defendant never responded to the motion for final judgment, and the court entered final judgment on May 12, 2016. Defendant never sought to vacate the default judgment in the Chancery Division, but instead filed this appeal.

---

[1] The briefs do not contain an order permitting service by regular and certified mail, but defendant does not raise any issue regarding service.

Defendant argues Wells Fargo never moved for default after its complaint was reinstated; therefore, the judge erroneously entered final judgment by default. He also argues that Wells Fargo lacked standing to bring the foreclosure action. These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Wells Fargo correctly argues that a direct appeal from a default judgment is improper. See, e.g., N.J. Div. of Youth & Family Servs. v. T.R., 331 N.J. Super. 360, 363 (App. Div. 2000) (citing Haber v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992) ("The rule in New Jersey is that a direct appeal will not lie from a judgment by default.")). The proper course is to seek relief in the trial court pursuant to a Rule 4:50-1 motion. Id. at 364.

Moreover, whatever were the technical imperfections in the procedural history, defendant is equitably stopped from raising the standing argument now, years after the complaint was filed, having failed to ever raise it before. Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012). Moreover, the record reveals the mortgage was assigned to Wells Fargo before its complaint was filed, thereby conferring standing upon the bank. Id. at 319.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3                                                              A-4545-15T1