# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0310-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

K.D.,

    Defendant-Appellant.

_____

> Submitted September 23, 2025 – Decided September 30, 2025
>
> Before Judges Gilson and Vinci.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FO-12-0481-24.
>
> Roberts & Teeter, LLC, attorneys for appellant (Michael B. Roberts, on the briefs).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant K.D.[1] appeals from: (1) a June 10, 2024 revocation and forfeiture order by default granting the State's motion to revoke his firearms purchaser identification card (FPIC) and for forfeiture of a handgun seized pursuant to the prevention of domestic violence act (PDVA), N.J.S.A. 2C:25-17 to -35; and (2) an August 19, 2024 order denying his motion to vacate that order pursuant to Rule 4:50-1.  We affirm.

On May 10, 2023, defendant was charged in complaint-summons S-2023-000175-1209 with fourth-degree harassment, N.J.S.A. 2C:33-4(a).  The complaint alleged that on May 9 he harassed the victim, S.H., in Old Bridge Township by "blocking [S.H.'s] car so she could not leave, and making multiple comments about owning a firearm."  Also on May 10, he was charged in complaint-summons S-2023-000176-1209 with third-degree terroristic threats, N.J.S.A. 2C:12-3(a), and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1).  The complaint alleged that on May 9 he terrorized S.H. by "grabbing the handle of his concealed firearm during a custody exchange."

---

[1]  We use initials to protect victims or alleged victims of domestic violence. R. 1:38-3(d)(10).

On May 10, a temporary restraining order (TRO) was entered against defendant in favor of S.H. pursuant to the PDVA. Harassment was identified as the predicate act of domestic violence. A Smith & Wesson 9mm handgun was seized from defendant by the Old Bridge Township police department pursuant to the TRO.

On June 13, 2023, S.H.'s domestic violence complaint was dismissed, and the TRO was vacated after the court "determined that [S.H.'s] allegation of domestic violence ha[d] not been substantiated." On December 5, 2023, the offenses charged in S-2023-000176-1209 were presented to a Middlesex County grand jury and a "no bill" was returned. That complaint was dismissed on December 12, 2023. The charge of harassment alleged in S-2023-000175-1209 was remanded to the Old Bridge Township Municipal Court for disposition. It was dismissed on November 12, 2024.

On January 8, 2024, the State served defendant with a motion seeking forfeiture of all weapons he owned or possessed pursuant to N.J.S.A. 2C:25-21(d)(3), and to revoke "any and all firearms licenses" and "restrict the future possession of firearms" pursuant to N.J.S.A. 2C:58-3(c)(5) and -3(f). The motion alleged defendant "is a danger to the victim of his [d]omestic [v]iolence, and thereby the public at large and is not fit to hold such weapons and licenses"

3

and "his retaining such weapons and licenses would be contrary to the public health, safety, or welfare" pursuant to N.J.S.A. 2C:58-3(c)(5). The State notified defendant that a hearing was scheduled for February 12, 2024.

Defendant appeared on February 12, but the hearing was adjourned to March 4. Defendant failed to appear on March 4, and the court entered a revocation and forfeiture order by default for "fail[ure] to appear after being properly noticed." On March 22, defendant filed a motion for reconsideration of the March 4 order pursuant to Rule 4:42-2.

Defendant contended that on March 3, he received a letter indicating complaint S-2023-000175-1209 had been dismissed. He alleged that on the morning of March 4, he spoke with three individuals at the Middlesex County Prosecutor's office and the courthouse who "confirmed that [he] did not need to appear in court later that day for the forfeiture hearing and that all matters against him were dismissed." The State did not oppose his motion. On May 13, defendant appeared for oral argument, and the court entered an order vacating the March 4 order "under R[ule] 4:50-1." The forfeiture hearing was rescheduled for June 10, 2024.

Defendant again failed to appear on June 10, and the State requested an order granting its motion by default. The court noted defendant "was given

4

notice" of the hearing, "marked that he . . . failed to appear," and granted "the State's motion for default." On June 28, defendant moved to vacate the June 10 order pursuant to Rule 4:50-1. He contended the order should be vacated because his "brother was in a car accident on [June 2, 2024][,]" and "was and still is in need of [defendant's] help." He asserted as defenses the State: (1) did not file its motion for forfeiture pursuant to N.J.S.A. 2C:25-21(d)(3) within forty-five days after the seizure of his handgun; and (2) did not prove any "disability" under N.J.S.A. 2C:58-3(c).

The court heard oral argument on August 19. Defendant argued he "missed the last court date because . . . [his] mom suffered from a stroke which led to her getting surgery to install a pacemaker" and "[t]he day she was released, [his] brother was a passenger in a car which got into. . . a fatal accident." He did not contact the court before the hearing date because he was "the only one that could provide for them." He offered documents that showed his mother was hospitalized from May 28 until June 1, and his brother was hospitalized from June 2 until June 6.

Following oral argument, the court entered an order denying defendant's motion supported by an oral opinion. It determined the motion was "procedurally deficient" because defendant provided the supporting documents

A-0310-24

for the first time at oral argument. The court continued, "even if [the motion] was procedurally not deficient, [it] would deny the motion" on the merits. The court noted the "matter was previously before the [c]ourt where [defendant] failed to appear" and "a new date was given" after the March 4 order was vacated. "A new date was given of June 10. [Defendant] failed to appear on that date as well" and "all of the circumstances that [defendant] . . . cited to were prior to the return date." The court concluded defendant "did not contact the [c]ourt to ask for an adjournment. . . and . . . [his] failure to appear was willful."

On appeal, defendant argues the June 10 order "is void" because the State filed its application out of time, and "good cause exists to vacate default." We are unpersuaded.

Defendant's only viable appeal is from the August 19, 2024 order denying his motion to vacate. Defendant's direct appeal from the June 10 final revocation and forfeiture order by default is improper. See Haber v. Haber, 253 N.J. Super. 413, 416 (App. Div. 1992) ("The rule in New Jersey is that a direct appeal will not lie from a judgment by default."); N.J. Div. of Youth & Fam. Servs. v. T.R., 331 N.J. Super. 360, 363 (App. Div. 2000) (citing Haber and concluding direct appeal from a default judgment is improper).

A-0310-24

"We review a motion under Rule 4:50-1 to vacate final judgment [or order] under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "Generally, a decision to vacate a default judgment lies within the sound discretion of the trial court, guided by principles of equity." Coryell, LLC v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006). Rule 4:50-1 provides six grounds for vacating a final judgment or order.[2]

Defendant contends sections (a) and (d) of Rule 4:50-1 apply. To obtain relief under Rule 4:50-1(a), a defendant must demonstrate both excusable neglect and a meritorious defense. Guillame, 209 N.J. at 468.

"'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Ibid. (quoting Mancini v. EDS, 132 N.J. 330, 335 (1993)). To determine if a defense is meritorious, courts "must examine defendant's

---

[2] To establish a right to relief under Rule 4:50-1, a litigant must allege at least one of these six grounds for vacating a final judgment: "(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence[;] . . . . (c) fraud[,] . . . . misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged . . . . ; or (f) any other reason justifying relief . . . "

proposed defense." <u>Bank of New Jersey v. Pulini</u>, 194 N.J. Super. 163, 166 (App. Div. 1984).

To establish a right to relief under <u>Rule</u> 4:50-1(d), a movant must show "the judgment or order is void." A judgment may be set aside as void, for example, if the court lacked personal jurisdiction, <u>see</u> <u>Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86 (1988)</u>, or lacked subject matter jurisdiction. <u>See</u> <u>Bank v. Kim,</u> 361 N.J. Super. 331, 339 (App. Div. 2003). Errors, even "gross errors committed by a court in reaching a decision do not render the court's judgment or order void." <u>Hendricks v. A.J. Ross Co.</u>, 232 N.J. Super. 243, 248–49 (App. Div. 1989) (citation omitted).

We are convinced the court did not misapply its discretion by denying defendant's motion to vacate based on <u>Rule</u> 4:50-1(a) because he failed to show excusable neglect. Defendant failed to appear for the June 10 hearing having previously failed to appear for the March 4 hearing. The court considered and rejected his argument that he was unable to attend the hearing because his relatives were discharged from the hospital several days before the hearing. The court found defendant failed to contact the court to request an adjournment and willfully failed to appear. There is no basis for us to disturb the court's determination.

We are not persuaded by defendant's claim he has a meritorious defense based on the timing of the State's motion, and the court should have denied the State's motion on that basis. Far from being irrefutably established, defendant's statute of limitations defense is disputed. The State contends it filed the motion within forty-five days of learning of the seizure of the handgun or receiving the handgun from the Old Bridge Township police department. It has long been the rule that the forty-five-day-period set forth in N.J.S.A. 2C:25-21(d)(3) "does not begin to run until the prosecutor comes into possession of the weapon or has knowledge of the seizure." State v. McGovern, 385 N.J. Super. 428, 431 (App. Div. 2006) (citing State v. Saavedra, 276 N.J. Super. 289, 294 (App. Div. 1994)). The court was not obligated to deny the State's motion simply because defendant claimed it was filed out of time "as a part of his motion to vacate."

Defendant's claim the handgun "should have been returned long before the State" filed its motion is incorrect. N.J.S.A. 2C:25-21(d)(3) provides "[n]othing in this act shall impair the right of the State to retain evidence pending a criminal prosecution." The charges alleged in S-2023-000176-1209 were rejected by the grand jury on December 5, 2023. The State was entitled to retain the handgun as evidence until at least December 5 and filed its motion no later than January 11, 2024.

A-0310-24

Additionally, there is no dispute the State's application to revoke defendant's FPIC was timely filed. N.J.S.A. 2C:58-3(f) provides "[t]he county prosecutor . . . may apply . . . at any time for the revocation of the [firearms purchaser identification card]."

Defendant's contention the June 10 order is "void" lacks merit. The court had personal and subject matter jurisdiction and had the authority to enter the order. A judgment or order is not void because a party contends it had a meritorious statute of limitations defense that was not considered. Indeed, a statute of limitations is not "self-executing," and generally must be properly raised as a defense. Zaccardi v. Becker, 88 N.J. 245, 256 (1982).

We are satisfied the court's factual findings were supported by credible evidence in the record and it properly applied those facts to the law. There is no reason for us to disturb the court's decision to deny defendant's motion to vacate the June 10 order. To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0310-24